

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| **Susan Evans,** | ) | **Docket No. 2015-02-0520** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | **State File No. 272-2016** |
| | ) | |
| **Home Depot,** | ) | |
| **Employer,** | ) | **Judge Brian K. Addington** |
| **And** | ) | |
| | ) | |
| **Liberty Mutual Ins. Co.,** | ) | |
| **Carrier.** | ) | |

## ORDER GRANTING EMPLOYER'S MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on February 23, 2017, upon Home Depot's Motion for Summary Judgment filed pursuant to Rule 56 of the Tennessee Rules of Civil Procedure. Home Depot's attorney, Jess Maples, argued in favor of the Motion, and Ms. Evan's attorney, Ameesh Kherani, opposed.

In support of its Motion, Home Depot asserts that Ms. Evans failed to timely disclose her medical experts by the deadlines set forth in the Court's twice-amended Scheduling Order. Moreover, the Court indicated in its last Scheduling Order that deadlines would not be extended further. As a result of her failure to timely identify medical experts, Home Depot argues that Ms. Evans cannot properly offer the required expert medical proof in support of her claim; consequently, its Summary Judgment Motion should be granted.

Ms. Evans argues that Summary Judgment is historically disfavored in workers' compensation claims. In addition, she asserts that multiple disputed issues of material fact exist in this matter, as evidenced by Home Depot's contesting of the claim from its

inception. Ms. Evans contends that Home Depot's Motion for Summary Judgment should be denied.

*History of Claim*

The Court notes that Home Depot filed its Statement of Undisputed Material Facts contemporaneously with its Summary Judgment Motion on January 6, 2017. Ms. Evans responded with multiple motions, including a 1) Motion to Strike the Summary Judgment Motion; 2) Motion to Quash the Notice of Hearing on the Summary Judgment Motion; 3) Motion for Continuance and Amend Scheduling Order; and 4) Motion to Enlarge Time to Respond to the Summary Judgment Motion.

The Court resolved the disputes via an Order dated January 17, 2017. In its Order, the Court noted the troubling history of this case, which included multiple discovery delays, a previous rescheduling of the Compensation Hearing, and the fact that the parties failed to schedule post-discovery alternative dispute resolution (ADR) as the Court required.

The Court refused to expand the discovery deadlines, finding that the parties had sufficient time to obtain discovery. The Court also declined to strike the Summary Judgment Motion. Instead, it allowed the parties an opportunity to agree on a date for the Motion hearing. They were to report the agreed date to the Court's Staff Attorney on or before January 21, 2017.

On January 19, 2017, Ms. Evans filed a Form C-32 Standard Form Medical Report completed by Dr. William Kennedy. Ms. Evans included a Notice of Intent to Use the report in lieu of the doctor's deposition, as well as an affidavit signed by her attorney verifying the contents of the report.

Afterward, the parties timely provided the Court with potential dates for the Summary Judgment Hearing, the latest of which was February 23, 2017. However, the Court first required that ADR be completed before the parties set the Summary Judgment Hearing. The parties then notified the Court that they had set the ADR for February 17, 2017. The Court responded by setting the Summary Judgment Motion Hearing for February 23, 2017. The Court Clerk sent the parties a Notice of Motion Hearing on January 26, 2017.

Ms. Evans filed her Response to the Summary Judgment Motion, together with her Response to Employer's Statement of Undisputed Material Facts, on February 21, 2017 – two days before the hearing. The Court conducted the hearing as scheduled on February 23, 2017.

*Analysis*

The Court finds that Ms. Evans' repeated failure to abide by the Scheduling Orders of this Court, which were amended multiple times in order to accommodate her, show an indifference on her part to the Court's and opposing counsel's time.

The Court also notes that Ms. Evans filed Dr. Kennedy's C-32 Report after the close of discovery, effectively foreclosing Home Depot's opportunity to depose Dr. Kennedy within a reasonable time. In its January 17, 2017 Order, the Court made it plain to all parties that discovery deadlines would not be extended further.

Ms. Evans argues that, pursuant to Tennessee Code Annotated section 50-6-235 (c)(2) (2016), Dr. Kennedy's C-32, along with a notice of intent to use, may be provided to opposing counsel "not less than twenty (20) days before the date of intended use." However, even if timely filed, a C-32 may be excluded from substantive evidence by the Court, if it is submitted in violation of a scheduling order and would otherwise delay the case. *Edwards v. Engstrom Servs.*, No. E2014-01777-SC-R3-WC-, 2015 TN LEXIS 747, at *23 (Aug. 11, 2015).

The Court previously admonished the parties that the discovery deadlines in this matter would not be expanded, and the Court will adhere to its decision. Consequently, the Court will not accept Ms. Evans' proffered testimony of Dr. Kennedy.

Rule 56.03 of the Tennessee Rules of Civil Procedure (2016) requires that:

> Any party opposing the motion for summary judgment *must, not later than five days before the hearing*, serve and file a response to each fact set for by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

(Emphasis added.)

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04; *see also Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). The burden is on the moving party of demonstrating both that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law. *Id.* at 83.

Home Depot cited as fact that Ms. Evans failed to serve it with any expert medical opinion in writing that supports her claim that her alleged injuries were related to her work activities with Home Depot. Further, it cited as fact that the time to make those disclosures had passed per Court Order and would not be extended. Additionally, it argued since Tennessee Code Annotated § 50-6-102(14)(D) (2016) requires a showing by a physician to a reasonable degree of medical certainty that an injury arose primarily out of and in the course and scope of employment, it is entitled to summary judgment as a matter of law because the facts presented negated an essential element of Ms. Evan's claim.

Since Home Depot satisfied its burden of proof, then Ms. Evans must, as the nonmoving party, demonstrate there is a genuine, material factual dispute, and failing to do so will result in the motion for summary judgment being granted. *See Byrd v. Hall,* 847 S.W.2d 208, 211 (Tenn. 1993).

Ms. Evans did not comply with the requirement of Rule 56.03 that she serve and file her responses to each fact set forth by the movant no later than five days before the hearing. She filed her response two days before the hearing. Moreover, she missed the deadline despite the fact that the Court allowed *the parties* to set the Summary Judgment Motion Hearing at their discretion. Also, Ms. Evans was aware, as of January 17, 2017, that she would have to respond to Home Depot's Summary Judgment Motion, which the Court refused to strike. Despite all of these facts, Ms. Evans failed to act timely, even though she had *forty-two days* to respond to the Motion. The Court finds her failure unacceptable, especially in consideration of her other well-documented delays in this case.

The Court finds that Ms. Evans failed to timely respond to Home Depot's Summary Judgment Motion, as required by Rule 56.03 of the Tennessee Rules of Civil Procedure. The deadlines set forth in the Rule are not mere suggestions; they are requirements, and parties fail to abide by those requirements at their peril. Consequently, the Court holds that no genuine issue of material fact exists in this case, and the Home Depot is entitled to Summary Judgment.

For the foregoing reasons, Home Depot's Summary Judgment Motion is granted. Ms. Evans' case is dismissed with prejudice. Home Depot shall pay the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016), for which execution may issue as necessary. Home Depot shall additionally file an SD-1 within ten days of entry of this Judgment.

**IT IS SO ORDERED.**

**ENTERED this the 7th day of March, 2017.**

_/s/  Brian K. Addington_
**Brian K. Addington**
**Workers' Compensation Judge**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Order was sent to the following recipients by the following methods of service on this the 7th day of March, 2017.

| Name | Certified Mail | Via Fax | Via Email | Sent To: |
|---|---|---|---|---|
| **Ameesh Kherani, Employee's Attorney** | | | **X** | **akherani.dhdlaw@gmail.com** |
| **Adam Rust, Employer's Attorney** | | | **X** | Adam.rust@leitnerfirm.com Jess.maples@leitnerfim.com |

**PENNY SHRUM, COURT CLERK**
**Court of Workers' Compensation Claims**